HARRY ASTELL v. GEORGE R. COOKE AND ANOTHER.[1]

October 22, 1937.

No. 31,433.

[1]Reported in 275 N. W. 420.

*Charles E. Carlson* and *Carl H. Wilson*, for relator.

*Reynolds & McLeod*, for respondents.

STONE, JUSTICE.

*Certiorari* to the industrial commission to review a decision that relator, the employe, "is not entitled to further compensation and medical treatment on account of the accidental injury sustained by him December 2, 1935."

The expense of relator's medical attention and hospitalization was paid by the insurer in the sum of $257.05. Compensation to the date of cessation, April 27, 1936, totalling $283.50, was also paid. The insurer then served notice of discontinuance. At the resulting hearing before a referee relator prevailed. But the employer's and the insurer's appeal to the commission brought a reversal and the order, adverse to relator, now under review.

The condition existing as of April 27, 1936, as found by the commission is thus succinctly put in the decision under review:

"That from and after April 27, 1936, to the date of hearing of said matter on September 16, 1936, said employe was suffering from a condition of disease, that said condition of disease was not caused by, aggravated by, or attributable to said accidental injury."

The issue thus raised and decided is clearly one of fact. Relator's own testimony concerning the accident and its results is not as compelling as it might be. His hospitalization came some time after the accident. During that experience he developed a set of subjective symptoms which medical knowledge finds it difficult to explain as to causation on the basis of either trauma or infection.

That is unfortunate for relator because his condition, on April 27, 1936, is attributed by some of the medical testimony to an infection, independent of and unaffected by trauma. There is testimony suggesting that the effects of the accident had probably been

removed, and that relator's condition thereafter was a matter, at least in medical opinion, in no way attributable to the accident, either as to causation or aggravation. Nothing more need be said to show that the decisive issue is one of fact, the decision of which by the industrial commission we should not disturb. They probably have no more difficult task, and the medical men may be in the same predicament, than that of running down the causes of the ills and symptoms of injured humanity and putting on them the labels disease or trauma or both. Far be it from us to assume the possession of the superiority of mental metabolism which would be necessary to enable us, without usurpation, to disturb the commission's decision, on conflicting evidence, of such an issue.

Relator urges us to reverse on the ground that the industrial commission denied his request for examination by a neutral physician. Ordinarily, such a matter is within the administrative and discretionary power of the commission. Assuming that their action can ever be called in question here, it will only be in a case of · manifest abuse of discretion, none of which appears from this record.

We must decline also to decide either way the question of who had the burden of proof to sustain or overcome the employer's and the insurer's position that relator was entitled to no further compensation. The question is not presented by the record.

Affirmed.